MRS. HELEN CARMODY, ADMINISTRATRIX AD PROSE-
QUENDUM OF WILLIAM CARMODY, PLAINTIFF, v.
PIETRO PIZZO, DEFENDANT.

Decided March 18, 1932.

For the plaintiff, *Edward M. Salley* and *Victor Ruskin*.

For the defendant *Charles C. Stalter*.

ACKERSON, C. C. J. This is plaintiff's rule to show cause
why the verdict in favor of the defendant against the plain-
tiff should not be set aside and a new trial granted on the
ground of newly discovered evidence.

At the trial the plaintiff endeavored to prove that her
intestate while in the defendant's store on business and desir-
ing to use a telephone asked the defendant, "is this the tele-
phone booth, Pete?" To which the defendant is alleged to
have answered, "yes." It was sought by this testimony to
show that plaintiff's intestate was impliedly invited to enter
a telephone booth in defendant's store for the purpose of
telephoning. The decedent did open a door on the side of
the lunchroom and fell through an opening into the cellar
below, sustaining the injuries which resulted in his death.

The defendant, however, testified that plaintiff's intestate,
Carmody, asked if I had a telephone in the place. I said,
"haven't got no telephone; next door, in the candy store.
* * * I told him I had no telephone in the place; next
door in the candy store." Both the defendant and his wife
testified that there was no telephone in the store or restau-
rant. The defendant also testified that he had sometime
before endeavored to get a pay station telephone booth in

his store, but failed because there was a similar station next door in a candy store. The only evidence offered to contradict this was by the plaintiff's witness, George Harper, who stated that he saw a telephone in the place but that this was three months before the accident.

It will be seen that the question involved was whether or not the defendant had a telephone in his store. From the testimony taken on the rule to show cause, it would appear that the telephone records show that a telephone had been installed in the premises, which had not been removed. The company's representative, however, could not say where this telephone was located.

This is the newly discovered evidence upon which the plaintiff now relies and the only other witness was Mr. Harper, who had testified at the trial and who reaffirmed his testimony there given.

The defendant on the other hand took depositions of twenty-nine witnesses to show that no telephone existed in the restaurant of the defendant where the fatal accident occurred. Most of these witnesses were familiar with the place and had never seen a telephone there. Several of them had had occasion to telephone from the premises and had always gone upstairs to the private apartments of the defendant to telephone.

Inasmuch as the plaintiff in insisting upon a new trial upon the ground that the defendant committed perjury when he testified at the trial of the cause that there was no telephone in his restaurant, it is apparent that the plaintiff has failed to produce any testimony to substantiate this claim. At the trial the plaintiff did not claim that her intestate asked the privilege of using the telephone upstairs in the defendant's private apartments but insisted that the implied invitation upon which the case rested was to use a telephone in a telephone booth in the store or restaurant. Certainly this theory of the case could not be helped by showing that there was a telephone in the defendant's apartments over his place of business and the defendant was never asked the use of a telephone in any other place.

Furthermore it would appear that the so-called newly discovered evidence is but cumulative in character, inasmuch as it was incumbent upon the plaintiff to show an invitation express or implied to her intestate to use a telephone in the defendant's store and this she attempted to do at the trial by the testimony of the witness, Harper, who testified that there was a telephone there. Newly discovered evidence which is simply cumulative is not sufficient for the purpose of securing a new trial. *Ellis* v. *The F. L. C. Martin Automobile Co., 77 N. J. L.* 339.

In any event the plaintiff has failed to show any newly discovered evidence which would justify the court in setting aside the verdict and granting a new trial, and the rule to show cause is therefore discharged.